## CORONET INSURANCE COMPANY, et al. v ALFARO, et al.

### Case No. 87-24514 CA 28

Eleventh Judicial Circuit, Dade County

July 6, 1989

## OPINION OF THE COURT

RICHARD S. FULLER, Circuit Judge.

### ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT

This Court has previously considered and denied BARNETT's Motion for Summary Judgment. Upon a sui sponte reconsideration of that Motion in conjunction with consideration of AMALGAMATED's Motion for Summary Judgment, the Court has reviewed the various memoranda of law in support of and in opposition to said Motions for Summary Judgment, and makes the following findings:

### *FACTS*

Plaintiffs AMERICAN UNITED INSURANCE COMPANY and

CORONET INSURANCE COMPANY, hired APEX ADJUST-MENT, as their agent to handle claims processing. Two employees of APEX, Defendants TERESITA PEREZ and JANICE ALFARO, engaged in a fraudulent scheme involving double forgeries of checks [forgery of the maker's signature on the front of the check, and forgery of the payees indorsements on the back of the check]. Further, the said double forgery involved the use of "fictitious payees" names. The facts admitted by the parties were that defendants ALFARO and PEREZ drew checks with the names of real persons who had no interest in the monies, and it was the intention of ALFARO and PEREZ that the payees would have no interest in the monies. ALFARO and PEREZ then forged the makers signature on the front, and forged the indorsement fictitious payee's name on the back of 64 individual checks over a period of two years. These bogus checks were then deposited into accounts in the names of the forgers, at the depository bank, defendant BARNETT. In sequence in this chain of events, defendant BARNETT presented the checks for payment from plaintiff's drawee bank, AMALGAMATED. AMALGAMATED paid these checks with funds of its drawer/customer AMERICAN and CORONET.

It is admitted by the parties that the forgeries were not reported by plaintiff AMERICAN and CORONET, to their drawee bank, AMAL-GAMATED, until at least fifteen (15) months after the date of the last forged instrument in question.

Both the defendant drawee bank, AMALGAMATED, and defendant depository bank, BARNETT, have moved for summary judgment on the issue that plaintiff's claim is time barred because it failed to discover and notify the drawee bank of forgeries of the maker's signature within the statutory one (1) year applicable time limitation. [See F.S. § 674.406(4)].

## FINDINGS

1. The Motions for Summary Judgment of both Defendants AMAL-GAMATED [drawee bank] and BARNETT [depository bank] are GRANTED as to any claims of plaintiffs. Plaintiff's claims are absolutely time barred as a matter of law, pursuant to F.S. § 674.4-406(4).

1.1 The drawer/customer has a duty to discover forged maker's signatures and to notify its drawee bank of such forged maker's signatures within one (1) year and the corresponding duty to notify the drawee bank of any forged indorsements within three (3) years. However, in the case of double forgery (forged maker signature and forged indorsement) coupled with the fictitious payee scheme of for-

gery, the applicable time limitation is one (1) year. *Perini Corp. v First Nat'l Bank of Habersham,* 553 F.2d 398, 403 (C.A. 5 1977).

"Forged Drawer(s) Signatures. If an instrument which bears both a forged drawer's signature and forged endorsement(s) is paid by a customer's bank, for purposes of UCC analysis, the 'double forgery' is treated as if it involved a forged drawer's signature alone." Perini v First Nat'l at 408-414, cited in Ed Stinn Chevrolet v National City Bank, 503 N.E.2d 524, 536 (Ohio, 1986).

1.2 Double forgeries and fictitious payee scheme, render any indorsement effective to pass title. F.S. § 673.405(1)(c).

"An indorsement by any person in the name of a named payee is effective, if;" . . .

"(b) a person signing as or on behalf of a maker or drawer intends the payee to have no interest in the instrument. . . ." If any indorsement is effective, then the critical point at issue is not the feigned indorsement in a double forgery situation, but the forged maker's signature. "If, however, the loss is attributable only to the forged indorsements, the only preclusion is by the running of the three-year period." *Winkie, Inc. v Heritage Bank of Whitefish Bay,* 299 N.W.2d 829, 836 (Wisc. 1981).

"Because the forger of checks upon which the indorsements were forged, intended the payee to have no interest in the checks, an indorsement by any person was effective. Thus the loss occurred not from the assumed negligence of the bank in failing to examine checks for proper indorsements because any indorsement was effective." Winkie, at 836

The conclusion that in double forgery situations the plaintiff-drawer or drawee suffers no loss attributable to the forged indorsements because no payee can appear with a rightful claim can be explained as follows: In a single forgery situation in which only the indorsement is forged, the drawer will have validly drawn the check intending the named payee to receive the proceeds in exchange for some consideration given by the payee. When a thief steals the check and forges the payee's indorsement, the payee of course does not receive the proceeds. The thief passes the check to a collecting bank, which in turns pays it and debits the drawer's account. At the time that theft is discovered, all parties except the payee are in a neutral position: The collecting bank has paid the forger, but has been paid in turn by the drawee; the drawee has paid the collecting bank, but has in turn debited the drawer's account; and the drawer has lost the amount from his account, but has received the consideration from

184

the payee. Only the payee, who has given consideration but has not received the proceeds, is in a negative position. The payee has the ability to make himself whole either by recovering against the drawer on the underlying transaction or by recovering against the drawee for conversion. Thus, the loss suffered by the drawer or drawee can be attributed to the forged indorsement, in the sense that the theft and forgery resulted in the appearance of a payee with a rightful claim.

"By contrast, in double forgery situations, the drawer's signature, as well as the indorsement is forged, meaning that the check was never validly drawn to a payee entitled to payment. Hence, no true payee can appear with a claim against the drawer or drawee, and neither of the latter parties can be said to suffer a loss attributable to the forged indorsement. rather, the loss results from the drawer's signature where none was intended by the drawer."

"In the double forgery situation, the loss initially falls on the drawer, whose account was debited. The possible claims that may be made in an effort to shift the loss, and the effects of the loss-causation rationale adopted by the perini court on them are as follows: First, unless precluded from recovering against the drawee by negligence, ratification or agreement to hold the drawee harmless, the drawer is entitled to demand a recredit on the basis of the forged drawer's signature. Since this right is enforceable irrespective of the status of the indorsement, the loss suffered by the drawee upon giving recredit cannot be attributed to the defective indorsement. Nor can it be attributed to the claim of a payee. Thus, the loss-causation rationale applies." Winkie, at 836-837. Thus, in the case at bar of double forgery with fictitious payee, the court's attention is limited to consideration of whether, as a matter of law, the plaintiff timely notified the drawee bank AMALGAMATED, that there was a forgery. It has been admitted by plaintiff that the drawee bank was not notified until at least 15 months after the last such forged checks in a series of 64 such forgeries.

"The one-year period of limitation in subsection (4) [F.S. § 674.406(4)] is not merely a statute of limitation but is a rule of substantive law absolutely barring a customer's right to make a claim against the bank without regard to the care or lack of care of either the customer or the bank." Space Distributors v Flagship Bank, 405 So.2d 586, 589 (Fla. 5th DCA 1981)

2. The drawer/customer, [plaintiffs herein], has a duty to inspect bank statements to detect forgeries of both maker's signature and

**185**

indorsements. F.S. § 674.4-406(4). Failure of the drawer/customer to inspect is negligence, as a matter of law, pursuant to F. S. § 673.3-406, in that such failure to inspect "substantially contributes to a material alteration of the instrument, or to the making of an unauthorized signature . . ." See F. S. § 673.3-406, comment 7 [specifically relating failure to timely notify the drawee bank of forgeries as being a "substantial" contribution].

3. With the duty on the part of the drawer to inspect [F.S. § 674.4-406(4), resulting negligence which substantial contributes to material alteration [F.S. § 673.3-406], and the problem of the "faithless" employee and impost situation reflected in F.S. § 673.3-405, the drafters of the UCC adopted in Florida reasoned that the burden for such negligence should not fall upon the drawee bank but upon the drawer/customer who fails to timely detect forgeries:

> " . . . The principle followed is that the loss should fall upon the employer as a risk of his business enterprise rather than upon the subsequent holder or drawee. The reasons are that the employer is normally in a better position to prevent such forgeries by reasonable care in the selection or supervision of his employees, or, if he is not, is at least in a better position to cover the loss by fidelity insurance; and that the cost of such insurance is properly an expense of his business rather than of the business of the holder or drawee." [emphasis added]. Comment 4 to F.S. § 673.3-405

## CONCLUSION

Therefore, it appears from a review of the respective Motions for Summary Judgment filed by the drawee bank AMALGAMATED and the depository bank, BARNETT, that there is no genuine and material issue of fact and that summary judgments should be, and the same are hereby GRANTED, as the plaintiffs' claims are time barred as a matter of law, pursuant to F. S. § 674.4-406(4), as to Defendants, BARNETT and AMALGAMATED. See also, *So. Contract Carpet v County National Bank of South Florida,* 528 So.2d 52 (Fla. 3d DCA 1988).

Summary Final Judgments are hereby entered in favor of the Defendants, BARNETT and AMALGAMATED, and against the Plaintiffs.

The only issues remaining to be tried in this cause are, therefore, plaintiff's default claims against the individual defendants, ALFARO and PEREZ. All other claims and cross claims are hereby rendered moot.

186

Jurisdiction is reserved to consider the issue of attorneys fees and costs, if applicable.

DONE AND ORDERED in Chambers, at Miami, Dade County, Florida this 6th day of July, 1989.